Caldwell, Ch.
It has been supposed that the introductory words to the will of John Moon, which has been recited, indicate that the testator gave Nancy T. Moon a fee simple in the land devised to her.
The entertaining of an intention and the carrying of it into legal effect are materially different, and but little weight is due to mere words of introduction in a will, or inducement in pleading, unless something more substantial and definite shall follow. If such barren generalities were to have a controlling influence in the construction of wills, there would scarcely ever be a case of partial testacy. - Whatever effect may be given to the general introductory words of a will in relation to the testator’s whole estate, “ it is now clearly settled,” says Lord Kenyon, in Doe v. Wright, “ that these words are not of themselves sufficient to carry a fee.”
In Barheydt v. Barheydt it was held that “ the introd uctory clause of a will evincing the intention of the testator to dispose of all her worldly estate, has not the effect to enlarge the estate devised, unless the words of disposition in the clause of devise are connected in terms or sense with the introductory clause, and import more than a mere description of the property.”
As the whole will must be taken together, it has been argued that as the remainder in the negroes Stephen and Harriet, (bequeathed in the same clause with the devise of the land,) were disposed of by a subsequent clause on the event of Nancy T. Moon’s death or marriage, therefore the land must have been devised to her- absolutely and in fee simple. Suppose the subsequent clause in the will were struck out, would that give her an absolute estate in the slaves ? Certainly not, and can a more stringent construction be given against the heir on a devise of real estate than would be given to a bequest of personalty without a limitation over? This would be in violation of one of the most inflexible rules of construction.
But it has been supposed that the Act of 1824 controls the meaning; that Act provides “that no words of limitation shall6 hereafter be necessary to convey an estate in fee simple by devise, but every gift of land by devise shall be considered as a gift in fee simple, unless such a construction shall be inconsistent with the will of the testator, expressed or implied.”
The object of this Act was to settle the diversity of opinion between the Courts of Law and Equity, but was not intended to extend the construction of an estate given in express and definite terms for life, to an estate in fee simple. That the testator devised the land to his wife for her life or wi *408 dowhood, I think is clear. The words are, “ after the pay-* ment of my debts and funeral expenses out of my estate, by my executors hereafter to be named, I give to my wife Nancy T. Moon, the tract of land whereon I now live, containing two hundred acres, more or less, also two negroes, td wit: my man Stephen and my girl Harriet, during her natural life or widowhood, and further I give to my loife Na?icy T. Moon, and her heirs forever, the following property, after my decease, to wit: one black horse,” &c. The parts of the sentence including the land and the two negroes are inseparably connected; and the conclusion of it clearly and definitely prescribed the period during which the devise and bequest are to be enjoyed. It is conclusive of the testator’s in-*' tention that he did not devise the land in fee simple, as he uses the explicit terms “ during her natural life or widowhood,” which take the case entirely out of the Statute : when in addition to this, it is perceived another sentence immediately follows (only separated by a comma,) by which he gives “ to her and her heirs forever” the horse and other property, it greatly strengthens this conclusion. In other clauses of the will the testator makes absolute bequests in similar terms, showing beyond doubt, that he attached a meaning to the words of his will consistent with the law, which ought to deduce what he meant from what he said, and not to imply that he intended what he has never said. In Fenny on the demise of Collings v. Eustate, the words of the devise were as follows, “I give unto my nephew John Collyer, all that house and premises ai Pitston, in the occupation of R. Read: I also give my nephew John Collyer all that my land in the parishes ofPidleston and Aubery, in the occupation of J. Tompkins, to him my said nephew John Collyer, his heirs and assigns lor-ever.” In delivering the opinion of the Court Lord Ellenbo-rough said, “ undoubtedly if there be nothing in the context to connect the different clauses of a will together, they must be taken separately, but does not the arrangement in this will point out the connexion which the testator intended, namely a numerical order, connexion and division, between the several clauses in the will ? In one of the clauses he reserves the. main sense in respect of the quantum of interest to the last; he says he gives such lands to the particular devisee, and also such lands, and then at the last, he states what the quantum of interest is that he gives. This is a question for a grammarian rather than a lawyer, on which a schoolmaster might decide as well as a Judge. If there had not been a numerical arrangement there might have been some difficulty, but that removes it. It seems clear from the context that both in the 2nd and 3rd clauses the testator, by reserving to the close of the entire sentence the words of limitation, meant to accumulate and comprehend within these words all that he had dis *409 posed of in the preceding parts of the sentence.” Consequently J. Collyer took an estate in fee.
Atkin’s 437.
Br. Pari. C. t°8-
Where the words were, ;!I give my wife Sarah that estate in Homer in the parish of Trent, and also ail that at Wandall in the parish of Mudford, to her and her heirs forever,” Lord Hardwick held, that the word “itemV ought to be construed as a conjunction in the sense of “and” and “also,”1 and that it has never been construed a disjunctive, but is only made use of to distinguish the clauses of a will. The same principle was laid down by Justices Powell, Powis and Gould, against C. J. Holt dissenting, in Cole v. Rawlinson, and their judgment on appeal was afterwards affirmed by the House of Lords.
The case of Doe on the demise of Ellan v. Westly, quoted and relied on in argument, was where the devise and bequest of a will were in separate, distinct and complete sentences, as independently of each other as language could make them ; but here they are so inseparably connected, that it would distract the sentence and destroy the sense to separate them. The effect of such a construction would be to permit an implication to prevail over what has been plaiuly expressed.
I am therefore of opinion the widow Nancy T. Moon only takes an estate for life, or widowhood, in the land under the will, and that the testator died intestate as to the remainder in the lands. In other respects, I concur in the opinion of this Court.